Seth Alan Gold (SBN 163220)
Seth.Gold@btlaw.com
Roya Rahmanpour (SBN 285076)
Roya.Rahmanpour@btlaw.com
**BARNES & THORNBURG LLP**
2029 Century Park East, Suite 300
Los Angeles, California 90067
Telephone:   (310) 284-3880
Facsimile:    (310) 284-3894

Deborah Pollack-Milgate (*Pro hac vice forthcoming*)
Deborah.PollackMilgate@btlaw.com
Joseph L. Fehribach (*Pro hac vice forthcoming*)
Joseph.Fehribach@btlaw.com
**BARNES & THORNBURG LLP**
11 S. Meridian Street
Indianapolis, IN 46204
Telephone: (317) 236-1313
Facsimile: (317) 231-7433

Attorneys for Plaintiffs Paul E. Arlton and David J. Arlton

# IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL E. ARLTON, an individual, and DAVID J. ARLTON, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>AEROVIRONMENT, INC., a Delaware corporation<br><br>Defendant. | Case No.: _____<br><br>COMPLAINT FOR:<br><br>DIRECT PATENT INFRINGEMENT, WILLFUL PATENT INFRINGEMENT, AND DECLARATORY RELIEF<br><br>DEMAND FOR JURY TRIAL |

**PLAINTIFFS' COMPLAINT**

Plaintiffs Paul and David Arlton, for their Complaint against Defendant AeroVironment, Inc., hereby allege, through their attorneys Barnes & Thornburg LLP, as follows:

## BACKGROUND AND THE PARTIES

1. This case involves patent infringement and arises under the Patent Laws of the United States, Title 35, United States Code. Thus, this Court has subject matter jurisdiction under at least 28 U.S.C. § 1331 (federal question) and § 1338 (patent actions), as well as 28 U.S.C. § 2201 (declaratory relief).

2. The Plaintiffs Paul Arlton and David Arlton ("Plaintiffs" or "the Arltons") are residents of the State of California.

3. Plaintiffs are the developers of technology related to rotary wing vehicles, and in particular to small unmanned aerial vehicles ("UAVs"). Plaintiffs' UAVs are extraordinarily compact, lightweight, and stable, and include cyclic pitch control and a separate drive motor for each of the rotary wings, and a hollow, non-rotating structural backbone which functions as both a rigid airframe and a central conduit for electrical wiring.

4. Plaintiffs are also the owners of all rights, title, and interest in United States Patent No. 8,042,763B2 ("the '763 patent"), entitled "Rotary Wing Vehicle," and issued on October 25, 2011.

5. Plaintiffs' technology, as reflected in the '763 patent, has been utilized in the production of hundreds of UAVs, including for delivery in connection with government contracts and applications for the Navy, Air Force, Army and Special Operations Command.

6. The Arltons' ingenuity is well known within the UAV community. They were pioneers in drone technology and computerized manufacturing of miniature helicopters in the late 1980's. Their early exploits were chronicled in Tooling and Production magazine (CAD/CAM Takes Models from Art to Part) and RC Modeler magazine (The Little Chopper That Could) in 1994 and 1995. Their UAV technologies

have been described in more than 60 domestic and international patent applications and issued patents since 2002, highlighted in the television production of Modern Marvels Extreme Aircraft II in 2007, developed with Congressional appropriations in 2007 and 2008, selected for technology demonstrations by the United States Air Force in its Unmanned Aircraft Systems Flight Plan in 2009, presented to the 68th American Helicopter Society at its annual forum in 2012, and featured in Popular Mechanics (Tomorrow's Warplane is a Mothership Packed with Expendable Drones) in 2016.

7. Defendant AeroVironment, Inc. ("AeroVironment") is a corporation organized and existing under the laws of the State of Delaware and has its principle place of business at 900 Innovators Way, Simi Valley, CA.

8. Upon information and belief, AeroVironment has worked with the Jet Propulsion Laboratory (hereinafter "JPL") at the National Aeronautics and Space Administration (hereinafter "NASA") since at least 2013 to build a UAV helicopter for use on the planet Mars (hereinafter the "Mars Helicopter" or the "Accused Product"). The Mars Helicopter has been aptly named "Ingenuity."

9. JPL and NASA have now sent the Mars Helicopter to Mars with NASA's Mars 2020 Perseverance Rover as a part of NASA/JPL's Mars Exploration Program. The Mars Rover, with the Mars Helicopter aboard, launched on July 30, 2020 from Cape Canaveral Air Force Station in Florida.

10. According to AeroVironment, its contributions to the Mars Helicopter include design and development of the helicopter's airframe and major subsystems, including its rotors, rotor blades, electric rotor hubs, and flight control mechanisms.

11. Defendant AeroVironment, however, is not the developer of the primary technology related to the Mars Helicopter including the helicopter's airframe and major subsystems, such as its electric rotor drive systems and flight control mechanisms. Indeed, it was not AeroVironment's ingenuity at all that made the Mars Helicopter possible. Instead, on information and belief, AeroVironment willfully copied significant portions of the Arltons' technology for the Mars Helicopter. The enabling technology

AeroVironment copied from the Arltons is critical to the first successful flight of an aircraft on another planet – Mars. Credit and remuneration for this triumph of technology rightfully belongs to the Arltons, not AeroVironment.

12. Plaintiffs therefore seek relief in the form of a declaratory judgment that the Mars Helicopter infringes one or more claims of the Arltons' '763 patent as well as monetary damages for patent infringement.

**JURISDICTION AND VENUE**

13. This case involves patent infringement and arises under the Patent Laws of the United States, Title 35, United States Code. Thus, this Court has subject matter jurisdiction under at least 28 U.S.C. § 1331 (federal question) and § 1338 (patent actions).

14. Subject matter jurisdiction also exists pursuant to 28 U.S.C. § 2201 (declaratory judgment).

15. This Court has personal jurisdiction over AeroVironment at least because AeroVironment has its principal place of business in the State of California, and, upon information and belief, AeroVironment has engaged in continuous and systematic business activities in the State of California.

16. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1400(b) at least because, upon information and belief, the alleged acts of infringement were committed in this judicial district and AeroVironment has a regular and established place of business in this judicial district.

**FACTUAL BACKGROUND**

17. AeroVironment worked with JPL and NASA to build the Mars Helicopter, Ingenuity, that recently launched to Mars along with the Mars Rover, Perseverance.

18. Upon information and belief, AeroVironment began working with JPL and NASA on the Mars Helicopter in 2013. AeroVironment delivered rotor and landing gear

prototypes to JPL and NASA in May 2016. AeroVironment delivered additional subsystems to JPL and NASA for the Mars Helicopter in the fall of 2017.

19. AeroVironment's claimed contributions to the Mars Helicopter include purported design and development of the helicopter's airframe and major subsystems, including its rotors, rotor blades, electric rotor hubs, and flight control mechanisms. AeroVironment has also purportedly developed and built high-efficiency, lightweight propulsion motors, control electronics, landing gear, load-bearing structures, and the thermal enclosure for NASA/JPL's avionics, sensors, and software systems that are included in the Mars Helicopter.

20. Upon information and belief, however, the most critical elements of this technology necessary for the first flight of an aircraft on Mars, such as the helicopter's airframe and major subsystems, including its rotors, electric rotor drive systems and flight control mechanisms, were copied from the Arltons' patented technology.

## THE INFRINGED PATENT

21. U.S. Patent No. 8,042,763 ("the '763 Patent"), entitled "ROTARY WING VEHICLE," was issued by the United States Patent & Trademark Office on October 25, 2011, to the Arltons.

22. The Arltons are the owners of all rights, title, and interest in the '763 Patent.

23. The '763 Patent has not expired and is in full force and effect.

## COUNT I: DIRECT INFRINGEMENT OF THE '763 PATENT

24. Each of the foregoing paragraphs is incorporated by reference herein.

25. AeroVironment has directly infringed and continues to directly infringe, either literally or pursuant to the doctrine of equivalents one or more claims of the '763 Patent, including at least claim 1 of the '763 Patent, in violation of 35 U.S.C. § 271(a),

at least by making, using, offering to sell, and selling the Accused Product in the United States.

26. The Mars Helicopter includes each of the elements of at least claim 1 of the '763 patent. *See* https://mars.nasa.gov/resources/24935/nasa-mars-helicopter-ingenuity-animations; https://mars.nasa.gov/resources/24887/mars-helicopter-ingenuity-fact-sheet/; B.T. Pipenberg, M. Keennon, J. Tyler, B. Hibbs, S. Langberg, J. Balaram, H. F. Grip, and J. Pempejian (2019). Design and Fabrication of the Mars Helicopter Rotor, Airframe, and Landing Gear Systems. *AIAA Scitech 2019 Forum*. https://doi.org/10.2514/6.2019-0620 (hereinafter "Pipenberg Article"); and Balaram, B.; Canham, T.; Duncan, C.; Grip, H. F.; Johnson, W.; Maki, J.; Quon, A.; Stern, R.; Zhu, D. (2018). Mars Helicopter Technology Demonstrator. *AIAA SciTech 2018 Forum,* AIAA Atmospheric Flight Mechanics Conference. https://doi.org/10.2514/6.2018-0023 (hereinafter "Balaram Article").

27. AeroVironment has made, used, offered to sell, and sold the Accused Product in the United States.

28. The Accused Product is a rotary wing aircraft. *See* Pipenberg Article, Abstract.

29. The Accused Product includes a non-rotating structural backbone. *See, e.g.,* Pipenberg Article, "Rotor System Design," page 4: "The main mast tube is a non-rotating hollow composite structure…."

30. The Accused Product includes a first rotor system. *See* Pipenberg Article, section titled "Rotor System Design," page 4.

31. The Accused Product includes a first rotor system coupled to the non-rotating structural backbone. *See* Pipenberg Article, section titled "Rotor System Design," page 4; *see also* Balaram Article, Figures 6 and 7.

32. The Accused Product includes a first rotor system including first variable pitch rotor blades supported by a first rotor shaft for rotation about an axis of rotation in

a first rotor plane. *See* Pipenberg Article, section titled "Rotor System Design," page 4; *see also* Balaram Article, Figures 6 and 7.

33. The Accused Product includes a first rotor system including first variable pitch rotor blades controlled by a first blade pitch controller. *See* Pipenberg Article, section titled "Rotor System Design," page 4 and section titled "Swashplate and Servo Assemblies," page 6; *see also* Balaram Article, Figures 6 and 7.

34. The Accused Product includes a first rotor system including first variable pitch rotor blades controlled by a first blade pitch controller which includes cyclic pitch control. *See* Pipenberg Article, page 2: "The helicopter is controlled by varying the blade pitch through collective and cyclic control action on each rotor." *See also* Balaram Article, Figures 6 and 7.

35. The Accused Product includes a first rotor system coupled to the non-rotating structural backbone including first variable pitch rotor blades supported by a first rotor shaft for rotation about an axis of rotation in a first rotor plane and controlled by a first blade pitch controller which includes cyclic pitch control. *See* Pipenberg Article, section titled "Rotor System Design," page 4; *see also* Balaram Article, Figures 6 and 7.

36. The Accused Product includes a second rotor system. *See* Pipenberg Article, section titled "Rotor System Design," page 4; *see also* Balaram Article, Figures 6 and 7.

37. The Accused Product includes a second rotor system coupled to the non-rotating structural backbone. *See* Pipenberg Article, section titled "Rotor System Design," page 4; *see also* Balaram Article, Figures 6 and 7.

38. The Accused Product includes a second rotor system including second variable pitch rotor blades supported by a second rotor shaft for rotation about an axis of rotation in a second rotor plane. *See* Pipenberg Article, section titled "Rotor System Design," page 4; *see also* Balaram Article, Figures 6 and 7.

39. The Accused Product includes a second rotor system including second variable pitch rotor blades controlled by a second blade pitch controller. *See* Pipenberg Article, section titled "Rotor System Design," page 4 and section titled "Swashplate and Servo Assemblies," page 6; *see also* Balaram Article, Figures 6 and 7.

40. The Accused Product includes a second rotor system including second variable pitch rotor blades controlled by a second blade pitch controller which includes cyclic pitch control. *See* Pipenberg Article page 2: "The helicopter is controlled by varying the blade pitch through collective and cyclic control action on each rotor." *See also* Balaram Article, Figures 6 and 7.

41. The Accused Product includes a second rotor plane being positioned to lie in axially spaced apart relation to a first rotor plane along an axis of rotation. *See* Pipenberg Article, Figure 3; *see also* Balaram Article, Figures 6 and 7.

42. The Accused Product includes a second rotor system coupled to the non-rotating structural backbone including second variable pitch rotor blades supported by a second rotor shaft for rotation about the axis of rotation in a second rotor plane and controlled by a second blade pitch controller which includes cyclic pitch control, the second rotor plane being positioned to lie in axially spaced apart relation to the first rotor plane along the axis of rotation. *See* Pipenberg Article, Figure 3; *see also* Balaram Article, Figures 6 and 7.

43. The Accused Product includes a first blade pitch controller coupled to a non-rotating structural backbone so that neither a first rotor shaft nor a second rotor shaft of the Accused Product extends through the first blade pitch controller. *See* Pipenberg Article, Figure 3; *see also* Balaram Article, Figures 6 and 7.

### COUNT II: WILLFUL INFRINGEMENT OF THE '763 PATENT

44. Each of the foregoing paragraphs is incorporated by reference herein.

45. AeroVironment's infringement has been willful, thereby justifying enhanced damages pursuant to 35 U.S.C. § 284.

46. Upon information and belief, AeroVironment, with its long-time focus on small unmanned aerial vehicles, is familiar with the Arltons' technology, the '763 patent, and Arltons' efforts to obtain government contracts focused on UAV technology. In brief, the Arltons are fierce competitors to AeroVironment.

47. Upon information and belief, and through discovery in this matter, the Arltons expect to discover additional information demonstrating both knowledge of the '763 patent and copying of the technology as disclosed and claimed therein.

48. Upon information and belief, AeroVironment's infringement of the '763 Patent has been and continues to be willful.

## COUNT III: DECLARATORY JUDGMENT ACTION

49. Each of the foregoing paragraphs is incorporated by reference herein.

50. Section 2201 of Chapter 28 of the United States Code permits a declaration of the rights and other legal relations of any interested party seeking such declaration, in the case of an actual controversy between the parties.

51. Here, there exists a case or controversy with regard to Defendant's infringement of the '763 patent.

52. Defendant's manufacture, use, offer for sale, and selling of the Mars Helicopter infringes at least claim 1 of the '763 patent.

53. Therefore, Arltons are entitled to a declaration stating that the Mars Helicopter made by AeroVironment is a product that incorporates and infringes upon the Arltons' patented technology, namely, by practicing one or more claims of the '763 patent. Arltons likewise seek a declaration that such infringement has been willful.

## PRAYER FOR RELIEF

Wherefore, the Arltons demand judgment in their favor and against AeroVironment as follows:

1. A judgment under 35 U.S.C. § 271(a) that AeroVironment has directly infringed the '763 Patent;

2. An order under 35 U.S.C. § 283 preliminarily and permanently enjoining AeroVironment and its officers, agents, subsidiaries, successors, employees, representatives, and assigns from further infringement of the '763 Patent;

3. An award of damages under 35 U.S.C. § 284 adequate to compensate the Arltons for AeroVironment's infringement of the '763 Patent and an accounting to determine the proper amount of such damages;

4. An award under 35 U.S.C. § 284 of costs and prejudgment and post judgment interest on the compensatory damages to be awarded to the Arltons, along with treble damages as a result of Defendant's willful infringement;

5. An award under 35 U.S.C. § 285 of the Arltons attorney's fees incurred in this action; and

6. Pursuant to 28 U.S.C. § 2201, a declaration that the Mars Helicopter infringes one or more claims of the '763 patent, and that such infringement is willful; and

7. Such further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs Paul E. Arlton and David J. Arlton demand a trial by jury on all matters herein so triable.

Dated: August 17, 2020

**BARNES & THORNBURG LLP**

By: /s/ *Seth A. Gold*
Seth A. Gold
Roya Rahmanpour

Attorneys for Plaintiffs Paul E. Arlton and David J. Arlton