Seth A. Gold (SBN 163220)
Seth.Gold@btlaw.com
Roya Rahmanpour (SBN 285076)
Roya.Rahmanpour@btlaw.com
**BARNES & THORNBURG LLP**
2029 Century Park East, Suite 300
Los Angeles, California 90067
Telephone: (310) 284-3880
Facsimile: (310) 284-3894

Deborah Pollack-Milgate (Admitted Pro hac vice)
Deborah.PollackMilgate@btlaw.com
Joseph L. Fehribach (Admitted Pro hac vice)
Joseph.Fehribach@btlaw.com
**BARNES & THORNBURG LLP**
11 S. Meridian Street
Indianapolis, IN 46204
Telephone: (317) 236-1313
Facsimile: (317) 231-7433

Attorneys for Plaintiffs
Paul E. Arlton and David J. Arlton

**IN THE UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PAUL E. ARLTON, an individual and DAVID J. ARLTON, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>AEROVIRONMENT, INC. a Delaware corporation,<br><br>Defendant. | Case No. 2:20-cv-07438-AB (GJSx)<br><br>[Assigned to the Hon. André Birotte Jr.]<br><br>**DECLARATION OF DEBORAH POLLACK-MILGATE IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND MOTION TO DENY SAME PURSUANT TO FED. R. CIV. P. 56(d)**<br><br>Hearing Date: March 26, 2021<br>Time: 10:00 a.m.<br>Location: Courtroom 7B |

**DECLARATION OF DEBORAH POLLACK-MILGATE IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND MOTION TO DENY SAME PURSUANT TO FED. R. CIV. P. 56(d)**

I, Deborah Pollack-Milgate, declare as follows:

1. I am a partner at the law firm of Barnes & Thornburg LLP and I am counsel of record for Plaintiffs Paul E. Arlton and David J. Arlton ("Plaintiffs" or the "Arltons") in the above-captioned case. I make this declaration in support of Plaintiff's Opposition to Defendant's Motion for Summary Judgment and Plaintiff's Motion to Deny Summary Judgment Pursuant to Federal Rules of Civil Procedure, Rule 56(d). I have personal knowledge of the facts set forth in this declaration and if called as a witness, could and would testify competently thereto.

2. On November 19, 2020, Plaintiffs served their First Set of Requests for Production of Documents. A true and accurate copy of those Requests is attached as **Exhibit A**.

3. On December 21, 2020, Defendant served its responses and objections. A true and accurate copy of those Responses to the Plaintiffs' First Set of Requests is attached as **Exhibit B**. By and large, Defendant refused to produce documents in response to the Requests, instead maintaining that, "Any discovery on the merits should proceed, if at all, only after the Court resolves AeroVironment's motion for summary judgment on its Section 1498 defense, consistent with Congress's intent 'to relieve private Government contractors from expensive litigation with patentees.'" *Astornet Techs. Inc. v. BAE Sys., Inc.*, 802 F.3d 1271, 1277 (Fed. Cir. 2015) (quoting *TVI Energy Corp. v. Blane*, 806 F.2d 1057, 1059–60 (Fed. Cir. 1986))."

4. The Parties met and conferred with regard to Defendant's failure to respond to the Requests on January 8, 2021. At the conference, the failure to reach agreement as to a protective order was also discussed. Plaintiffs agreed to outline in greater detail the reasons that discovery was necessary to respond to an anticipated summary judgment motion by Defendant. Defendant indicated that such a letter would not change its position that no discovery was warranted, other than its contracts with JPL.

5. Plaintiffs provided additional detail as promised on January 14, 2021. A true and accurate copy of the letter is attached as **Exhibit C**.

6. As outlined in detail in that letter, discovery is needed to determine whether consent was given by the government. The Arltons highlighted Requests Nos. 4-23, 26, 28-31.

7. In particular, documents related to use of the Arltons' technology, attempts to design around the Arltons' technology, and JPL/NASA requirements and specifications are relevant to the issue of whether the Government had the obligation to award the Mars Helicopter Ingenuity Phase III contract to the Arltons, whether Section 1498 can apply in view of what the Arltons believe the government's obligations to them were under the SBIR Statute, and whether the government provided any directions to AeroVironment to avoid the Arltons' technology, such that consent was either not given, or even expressly revoked.

8. In their January 14, 2021 letter, the Arltons also noted the potential that AeroVironment could be utilizing their technology in contexts other than in connection with the Government and that, if so, such uses would not be covered by a Section 1498 defense. Subsequently, AeroVironment has stated that it is using the Arltons' technology, but it has not provided discovery and there is not agreement with regard to what constitutes the Arltons' technology.

9. Discovery on this topic is also necessary before summary judgment would be proper. Discovery related to this issue was identified as Requests Nos. 4-10, 13-16, 20, 22, 23, and 28-31.

10. AeroVironment has produced the JPL Contracts with Modifications. The attachments to those contracts have not been produced. The attachments may indicate the extent to which JPL/NASA dictated the technology to be used in the Mars Helicopter Program, or the extent to which it instructed AeroVironment to use technology other than the Arltons'. This discovery is necessary before summary judgment can be adjudicated.

11. NASA has filed a Statement of Interest. Discovery from NASA is necessary to determine what it communicated to AeroVironment related to its prior relationship to the Plaintiffs, as detailed in the Declaration of Paul Arlton.

DECLARATION OF DEBORAH POLLACK-MILGATE IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND MOTION TO DENY SAME PURSUANT TO FED. R. CIV. P. 56(d)

12. Discovery to determine the infringement of the '763 patent is also necessary for a complete context, given that the application of the SBIR Statute to these facts.

13. Modification 6 to JPL Contract 1512602 was entered into on January 11, 2016 (AV00000561-574). A true and accurate excerpted copy thereof is attached as **Exhibit D**. At the request of AeroVironment, only portions thereof are included.

14. Modification 11 to JPL Contract 1512602 was entered into on July 11, 2016 (AV00000585-590). A true and accurate excerpted copy thereof is attached as **Exhibit E**. At the request of AeroVironment, only portions thereof are included.

15. Exhibits D and E raise material issues of fact concerning an apparent shift in 2016 in AeroVironment's technical approach to incorporate technology of the '763 patent, and whether this shift was consented to by the Government.

16. All of the above are examples of the full context and related material facts necessary for the Court to determine the issues before it, including the application of 28 U.S.C. § 1498 in light of the SBIR Statute, 15 U.S.C. § 638, and the Government's consent.

17. Prior to filing its summary judgment motion, Defendant did not seek a conference with Plaintiffs specifically directed to discussing its motion as required pursuant to Local Rule 7-3. Instead, on February 3, 2021, it rejected each of Plaintiffs' document requests, threatened "markedly" increasing fees it would seek from Plaintiffs, and announced its intent to file this motion unless Arltons would make "an appropriate offer no later than the close of business of Tuesday, February 9, 2021" (underling and bold type omitted). A true and accurate copy of this Letter is attached as **Exhibit F**.

I declare under penalty of perjury that the foregoing is true and correct. Executed March 5, 2021 in Indianapolis, Indiana.

Deborah Pollack-Milgate

4

**DECLARATION OF DEBORAH POLLACK-MILGATE IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND MOTION TO DENY SAME PURSUANT TO FED. R. CIV. P. 56(d)**