UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

PAUL E. ARLTON, an individual
and DAVID J. ARLTON, an
individual,

            Plaintiffs,

        v.

AEROVIRONMENT, INC., a
Delaware corporation,

            Defendant.

Case No. 2:20-cv-07438-AB (GJSx)

[~~PROPOSED~~] ORDER
APPROVING STIPULATED
PROTECTIVE ORDER

1.    <u>A. PURPOSES AND LIMITATIONS</u>

     Discovery in this action is likely to involve production of confidential, proprietary, trade secret, and/or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

     <u>B. GOOD CAUSE STATEMENT</u>

     This action, which relates to Defendant's performance of various United States Government contracts and subcontracts, is likely to involve trade secrets, cost and

pricing information, contractor bid and proposal information, and other valuable research, development, commercial, financial, technical and/or proprietary information, including information subject to the Procurement Integrity Act (41 U.S.C. §§ 2101-2107), and for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.  Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, source selection and contractor bid or proposal information, or other confidential research, development, or commercial information, information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, contract(s) or common law.  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.  It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

## C. ACKNOWLEDGMENT OF PROCEDURE FOR FILING UNDER SEAL

The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases.  In connection with non-dispositive motions, good cause must be shown to support a filing under seal.  *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006), *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002), *Makar-Welbon v. Sony Electrics, Inc.*, 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good cause showing), and a specific showing of good cause or compelling reasons with proper evidentiary support and legal justification, must be made with respect to Protected Material that a party seeks to file under seal.  The parties' mere designation of Disclosure or Discovery Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY does not—without the submission of competent evidence by declaration, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable—constitute good cause.

Further, if a party requests sealing related to a dispositive motion or trial, then compelling reasons, not only good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected.  *See Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677-79 (9th Cir. 2010).  For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order.  Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted.  If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed.  Any application that seeks to file documents under seal in their

3

1   entirety should include an explanation of why redaction is not feasible.

2   2.      DEFINITIONS

3          2.1      Action: *Arlton v. AeroVironment, Inc.*, Case No. 2:20-cv-07438-AB

4   (GJSx).

5          2.2      Challenging Party:  a Party or Non-Party that challenges the

6   designation of information or items under this Order.

7          2.3      "CONFIDENTIAL" Information or Items:  information (regardless of

8   how it is generated, stored or maintained) or tangible things that qualify for

9   protection under Federal Rule of Civil Procedure 26(c), and as specified above in

10  the Good Cause Statement. Certain limited types of "CONFIDENTIAL"

11  Information may be further designated, as defined and detailed below, as "HIGHLY

12  CONFIDENTIAL—ATTORNEYS' EYES ONLY."

13         2.4      Counsel:  Outside Counsel of Record and House Counsel (as well as

14  their support staff).

15         2.5      Designating Party:  a Party or Non-Party that designates information or

16  items that it produces in disclosures or in responses to discovery as

17  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY."

18         2.6      Disclosure or Discovery Material:  all items or information, regardless

19  of the medium or manner in which it is generated, stored, or maintained (including,

20  among other things, testimony, transcripts, and tangible things), that are produced or

21  generated in disclosures or responses to discovery in this matter.

22         2.7      Expert:  a person with specialized knowledge or experience in a matter

23  pertinent to the litigation who has been retained by a Party or its counsel to serve as

24  an expert witness or as a consultant in this Action.

25         2.8      "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY"

26  Information or Items: extremely  sensitive "CONFIDENTIAL" Information or Items,

27  disclosure of which to another Party or Non-Party would create a substantial risk of

28  serious harm that could not be avoided by less restrictive means. This type of

information and items includes, but is not limited to, pending patent application, products currently in development and not yet commercially released, technical specifications, documents regarding the design or development of the accused product or system, current business/ strategic plans, future sales/financial projections, future marketing plans, detailed sales and financial data, source selection information, contractor bid and proposal information, or other highly sensitive or proprietary competitive or financial information. Notwithstanding the foregoing, information contained in one of these categories is not "HIGHLY CONFIDENTIAL— ATTORNEYS' EYES ONLY" merely because it relates to one or more of the designated categories, but only if disclosure of such "CONFIDENTIAL" information would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9    House Counsel:  attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10    Non-Party:  any natural person, partnership, corporation, association or other legal entity not named as a Party to this action.

2.11    Outside Counsel of Record:  attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, and includes support staff.

2.12    Party:  any party to this Action, including all of its officers, directors, employees, consultants, and retained experts.

2.13    Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.14    Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium)

1   and their employees and subcontractors.

2       2.15   Protected Material:  any Disclosure or Discovery Material that is

3   designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS'

4   EYES ONLY."

5       2.16   Receiving Party:  a Party that receives Disclosure or Discovery

6   Material from a Producing Party.

7   3.   SCOPE

8       The protections conferred by this Stipulation and Order cover not only

9   Protected Material (as defined above), but also (1) any information copied or

10  extracted from Protected Material; (2) all copies, excerpts, summaries, or

11  compilations of Protected Material; and (3) any testimony, conversations, or

12  presentations by Parties or their Counsel that might reveal Protected Material.

13      Any use of Protected Material at trial shall be governed by the orders of the

14  trial judge.  This Order does not govern the use of Protected Material at trial.

15  4.   DURATION

16      FINAL DISPOSITION of the action is defined as the conclusion of any

17  appellate proceedings, or, if no appeal is taken, when the time for filing of an appeal

18  has run.  Except as set forth below, the terms of this protective order apply through

19  FINAL DISPOSITION of the action.  The Parties may stipulate that they will be

20  contractually bound by the terms of this agreement beyond FINAL DISPOSITION,

21  but will have to file a separate action for enforcement of the agreement once all

22  proceedings in this case are complete.

23      Once a case proceeds to trial, information that was designated as

24  CONFIDENTIAL or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY"

25  or maintained pursuant to this protective order used or introduced as an exhibit at

26  trial becomes public and will be presumptively available to all members of the

27  public, including the press, unless compelling reasons supported by specific factual

28  findings to proceed otherwise are made to the trial judge in advance of the trial.  *See*

*Kamakana*, 447 F.3d at 1180-81 (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record).  Accordingly, for such materials, the terms of this protective order do not extend beyond the commencement of the trial.

5.   DESIGNATING PROTECTED MATERIAL

    5.1   Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items or oral or written communications that qualify so that other portions of the material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

    Mass, indiscriminate or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

    If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

    5.2   Manner and Timing of Designations.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

    Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" (hereinafter the "CONFIDENTIAL legend" or the "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY legend," respectively), to each page that contains protected material.  If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY legend" to each page that contains Protected Material.  If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in depositions that the Designating Party identifies the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony, and specifies the level of protection being asserted.  Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have

been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements.

(c)  for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3    Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2    Meet and Confer.  The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 *et seq*.

6.3    Burden of Persuasion.  The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is

1    entitled under the Producing Party's designation until the Court rules on the

2    challenge.

3    7.      ACCESS TO AND USE OF PROTECTED MATERIAL

4        7.1      Basic Principles.  A Receiving Party may use Protected Material that is

5    disclosed or produced by another Party or by a Non-Party in connection with this

6    Action only for prosecuting, defending or attempting to settle this Action.  Such

7    Protected Material may be disclosed only to the categories of persons and under the

8    conditions described in this Order.  When the Action has been terminated, a

9    Receiving Party must comply with the provisions of section 13 below (FINAL

10   DISPOSITION).

11       Protected Material must be stored and maintained by a Receiving Party at a

12   location and in a secure manner that ensures that access is limited to the persons

13   authorized under this Order.

14       7.2      Disclosure of "CONFIDENTIAL" Information or Items.  Unless

15   otherwise ordered by the court or permitted in writing by the Designating Party, a

16   Receiving Party may disclose any information or item designated "CONFIDENTIAL"

17   only to:

18          (a)  the Receiving Party's Outside Counsel of Record in this Action, as

19   well as employees of said Outside Counsel of Record to whom it is reasonably

20   necessary to disclose the information for this Action;

21          (b)  the officers, directors, and employees (including House Counsel) of

22   the Receiving Party to whom disclosure is reasonably necessary for this Action and

23   who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

24          (c)  Experts (as defined in this Order) of the Receiving Party to whom

25   disclosure is reasonably necessary for this Action and who have signed the

26   "Acknowledgment and Agreement to Be Bound" (Exhibit A), and subject to

27   compliance with Section 7.4;

28          (d)  the court and its personnel;

1          (e)  court reporters and their staff and who have signed the
2  "Acknowledgement and Agreement to Be Bound" (Exhibit A);

3          (f)  professional jury or trial consultants, mock jurors, and Professional
4  Vendors to whom disclosure is reasonably necessary for this Action and who have
5  signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

6          (g)  the author or recipient of a document containing the information or a
7  custodian or other person who otherwise possessed or knew the information;

8          (h)  during their depositions, witnesses, and attorneys for witnesses, in the
9  Action to whom disclosure is reasonably necessary provided: (1) the deposing party
10  requests that the witness sign the "Acknowledgment and Agreement to Be Bound"
11  (Exhibit A); and (2) they will not be permitted to keep any confidential information
12  unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A),
13  unless otherwise agreed by the Designating Party or ordered by the court.  Pages of
14  transcribed deposition testimony or exhibits to depositions that reveal Protected
15  Material may be separately bound by the court reporter and may not be disclosed to
16  anyone except as permitted under this Stipulated Protective Order; and

17          (i)  any mediator or settlement officer, and their supporting personnel,
18  mutually agreed upon by any of the parties engaged in settlement discussions.

19       7.3    Disclosure of "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES
20  ONLY" Information or Items. Unless otherwise ordered by the court or permitted in
21  writing by the Designating Party, a Receiving Party may disclose any information or
22  item designated "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" to
23  the same categories of persons listed with respect to "CONFIDENTIAL Information
24  or Items" in Sections 7.2(a), (c)-(i) above, but in any event, not information or item
25  designated "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" may be
26  disclosed to the Receiving Party's officers, directors, and employees (including
27  House Counsel).

28       7.4    Counsel desiring to disclose Protected Information to an Expert

according to Section 7.2(c) or 7.3(b) shall provide all Parties with the identity, professional address, and curriculum vitae (which shall include an identification of all current and past four years of employment and consulting relationships, including an identification of litigation deposition and trial testimony, the case in which it was given, and the party on whose behalf the Expert was retained) of such Expert at least ten (10) business days prior to the first disclosure of any Protected Information to such Expert.  If a Party objects to disclosure of the Protected Information to the Expert, it shall make its objections known in writing, in detail, within such period.  A Party that receives a timely written objection must meet and confer with the objecting Party to try to resolve the matter by agreement within ten (10) business days of the written objection.  If no agreement is reached, the Party seeking to make the disclosures to the Expert may file a motion as provided in Local Civil Rule 37 (and in compliance with Local Civil Rule 79-5, if applicable) seeking permission from the Court to do so.

8.   <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" that Party must:

(a)  promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

12

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9.      A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)  The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)  In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)  promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)  promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)  make the information requested available for inspection by the

13

1    Non-Party, if requested.

2         (c)  If the Non-Party fails to seek a protective order from this court within

3    14 days of receiving the notice and accompanying information, the Receiving Party

4    may produce the Non-Party's confidential information responsive to the discovery

5    request.  If the Non-Party timely seeks a protective order, the Receiving Party shall

6    not produce any information in its possession or control that is subject to the

7    confidentiality agreement with the Non-Party before a determination by the court.

8    Absent a court order to the contrary, the Non-Party shall bear the burden and

9    expense of seeking protection in this court of its Protected Material.

10   10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

11        If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

12   Protected Material to any person or in any circumstance not authorized under this

13   Stipulated Protective Order, the Receiving Party must immediately (a) notify in

14   writing the Designating Party of the unauthorized disclosures, (b) use its best efforts

15   to retrieve all unauthorized copies of the Protected Material, (c) inform the person or

16   persons to whom unauthorized disclosures were made of all the terms of this Order,

17   and (d) request such person or persons to execute the "Acknowledgment and

18   Agreement to Be Bound" that is attached hereto as Exhibit A.

19   11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE
20          PROTECTED MATERIAL

21        When a Producing Party gives notice to Receiving Parties that certain

22   inadvertently produced material is subject to a claim of privilege or other protection,

23   the obligations of the Receiving Parties are those set forth in Federal Rule of Civil

24   Procedure 26(b)(5)(B).  This provision is not intended to modify whatever

25   procedure may be established in an e-discovery order that provides for production

26   without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and

27   (e), insofar as the parties reach an agreement on the effect of disclosure of a

28   communication or information covered by the attorney-client privilege or work

product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

12.    MISCELLANEOUS

12.1    Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2    Right to Assert Other Objections.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3    Filing Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

13.    FINAL DISPOSITION

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any

1   of the Protected Material. Notwithstanding this provision, Counsel are entitled to

2   retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing

3   transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert

4   reports, attorney work product, and consultant and expert work product, even if such

5   materials contain Protected Material.  Any such archival copies that contain or

6   constitute Protected Material remain subject to this Protective Order as set forth in

7   Section 4 (DURATION).

8   14.   <u>VIOLATION</u>

9   Any violation of this Order may be punished by appropriate measures including,

10   without limitation, contempt proceedings and/or monetary sanctions.

11

12   **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

13   Dated:  August 6, 2021          **BARNES & THORNBURG LLP**

14                                          By: */s/ Roya Rahmanpour*
                                                 Deborah Pollack-Milgate
15                                               Joseph L. Fehribach
                                                 Seth A. Gold
16                                               Roya Rahmanpour
                                                 Jonathan J. Boustani
17                                               Attorneys for Plaintiffs Paul E. Artlton and
                                                 David J. Arlton
18   Dated:  August 6, 2021          **K&L GATES LLP**
19
                                            By: */s/ Zachary T. Timm*
20                                               Christina N. Goodrich
                                                 Zachary T. Timm
21                                               Attorneys for Defendant AeroVironment, Inc.

22

23   **FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

24

25   DATED:   ____August 9, 2021_____          _____

26                                                      HON. GAIL J. STANDISH
                                                        United States Magistrate Judge
27

28

16

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of

perjury that I have read in its entirety and understand the Stipulated Protective Order

that was issued by the United States District Court for the Central District of

California on [date] in the case of *Arlton v. Aerovironment, Inc.* (Case No. 2:20-cv-

07438-AB (GJSx)).  I agree to comply with and to be bound by all the terms of this

Stipulated Protective Order and I understand and acknowledge that failure to so

comply could expose me to sanctions and punishment in the nature of contempt.  I

solemnly promise that I will not disclose in any manner any information or item that

is subject to this Stipulated Protective Order to any person or entity except in strict

compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Central District of California for enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and

telephone number] as my California agent for service of process in connection with

this action or any proceedings related to enforcement of this Stipulated Protective

Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____